CLORA HARDIN v. R. L. MYERS, ADMINISTRATOR OF JOHN T. HARDIN, LEONADAS (BUD) HARDIN AND WIFE, MRS. LEONADAS HARDIN, WILL CARMICHAEL AND WIFE, ELIZA HARDIN CARMICHAEL, AND SOUTHERN REALTY COMPANY.

(Filed 10 April, 1929.)

APPEAL by defendants· from *Moore, J.,* at February Term, 1929, of FORSYTH. Affirmed.

This is an action brought by plaintiff against the defendants, administrator and heirs at law of John T. Hardin, who is dead, and the Southern Realty Company, to reform certain deeds made by the Southern Realty Company to John·T. Hardin, for mutual mistake. Said deeds made "through and by the mutual mistake of the defendant, Southern Realty Company, and the plaintiff and her deceased husband," John T. Hardin. The alleged mistake was that the deed should have been made to John T. Hardin and wife, Clora Hardin, the plaintiff. The action was tried in the Forsyth County Court before Judge Oscar O. Efird, and a jury. All the issues submitted to the jury, and their answers thereto, were found in favor of plaintiff. Defendants made numerous exceptions and assignments of error on the trial in the Forsyth County Court, and from the judgment appealed to the Superior Court. In the Superior Court the exceptions and assignments of error made by defendants in the Forsyth County Court were overruled and defendants assigned errors and appealed to the Supreme Court.

*Archie Elledge for plaintiff.*
*George W. Braddy and W. L. Morris for defendants.*

PER CURIAM. We have read with care the record in this action and the briefs of the parties. We think the case was tried in the Forsyth County Court in accordance with well-settled principles of law. The exceptions and assignments of error, as to the admission and exclusion of evidence, the charge and prayer for special instruction are without merit. The judge in the Forsyth County Court was careful in his rulings on the evidence. The charge was clear and gave the law applicable to the facts and the contentions of the parties fairly on both sides. The

judge of the Superior Court on appeal overruled all the exceptions and assignments of error. The judge of the Forsyth County Court charged the jury: "The burden of proof, gentlemen of the jury, rests upon the plaintiff to satisfy you by clear, strong, cogent and convincing evidence of the affirmative of these several issues, as the facts shall severally apply to these three issues." This burden was repeated. The facts were for the jury to decide. The facts were found by the jury in favor of plaintiff.

On the entire record we find no error. The judgment of the Superior Court is

Affirmed.